1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   SUSAN MARIE SHULTZ,                        No.  1:22-cv-00646-JLT-BAM

12              Plaintiff,                       SCREENING ORDER GRANTING
                                                 PLAINTIFF LEAVE TO FILE SECOND
13         v.                                    AMENDED COMPLAINT

14   KERN COUNTY, et al.,                        (Doc. 6)

15              Defendants.                      **THIRTY (30) DAY DEADLINE**

16

17         Plaintiff Susan Marie Shultz ("Plaintiff") is proceeding pro se and *in forma pauperis* in

18   this action.  Plaintiff filed an amended complaint before the Court could screen the original

19   complaint. Plaintiff's first amended complaint is currently before the Court for screening.  (Doc.
     6.)

20
     **I.       Screening Requirement and Standard**
21
           The Court is required to screen complaints brought by persons seeking relief against a
22
     governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.
23
     § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous
24
     or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary
25
     relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b);
26
     1915(e)(2)(B)(ii).
27
           A complaint must contain "a short and plain statement of the claim showing that the
28

                                                    1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.      Plaintiff's Allegations**

Plaintiff alleges violations of due process, equal protection, and Cal.Gov. Code 7260.5. Plaintiff names as defendants: (1) Kern County, (2) Kern County Sheriff Department, (3) Kern County Public Works, and (4) Kern County Environmental Health.

Plaintiff alleges as follows. Plaintiff "was accused of trespassing in an unsafe home and vacated without notice on April 14, 2020 by the Kern County Sheriff Department.  No report was made.  I requested several times to make a report and to write down my name.  The sheriff said they only do that if a) I was dead or b) for trespassing."  Plaintiff was told by the county that there are "refunds" to relocate Plaintiff.  Plaintiff was also told that Plaintiff was denied relocation and homeless counseling.  The county did not hold anyone liable.  Plaintiff was displaced and "displacement means ridicule and humiliation, homelessness and criminalization."  Plaintiff was "vacated, leaving [plaintiff] outside during COVID" and alone with men who harmed Plaintiff. Plaintiff alleges she was hired to caretake the property.  Plaintiff seeks relocation, access to water, privacy.  She alleges she "lost everything."

**III.     Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

2

state a cognizable claim under 42 U.S.C. § 1983.  Because she is proceeding pro se, Plaintiff will be granted leave to amend her complaint to the extent that she can do so in good faith.  To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to her claims.

### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of her claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations must be based on facts as to what happened and not conclusions. If Plaintiff files an amended complaint, it should be a short and plain statement of her claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8.

### B. Federal Rule of Civil Procedure 10

Plaintiff is informed that Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief...." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Only Kern County is named in the caption. Various other entities are not named in the caption, and the Court will not assume that Plaintiff intends to proceed against those not so named. If Plaintiff wishes to pursue such allegations, she may amend her complaint and include all named defendants in the caption as well as stating factually plausible claims in the body of the amended complaint.

///

3

1

2

**C.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff's complaint fails to link Defendant Kern County, and the other entities referred to in the body of the first amended complaint, to potential constitutional violations.  Plaintiff must name individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights. In any amended complaint, Plaintiff should allege what each individual defendant did or did not do that caused the asserted deprivation.

**D.  Police and Sheriff Departments as Defendants**

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n. 5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir.1987)).

In this instance, Plaintiff refers to the Kern County Sheriff Department in the body of the first amended complaint as a potential defendant.  The Court recognizes that there is a split within district courts in the Ninth Circuit on whether a police department is "person" under § 1983 and a proper defendant for § 1983 claims. *See Siratsamy v. Sacramento Cty. Sheriff Dep't*, No. 2:21-

4

cv-0678-JAM-KJN PS, 2021 WL 2210711, at *4 (E.D. Cal. June 1, 2021) (noting split of authority on whether a California sheriff's department or police department is a "person" under § 1983 and a proper defendant for § 1983 claims); *Cantu v. Kings Cty.*, No. 1:20-cv-00538-NONE-SAB, 2021 WL 411111, at *1 (E.D. Cal. Feb. 5, 2021) (discussing split within district courts in the Ninth Circuit on issue).  Certain courts have found that a police department may be sued as a "person" under § 1983.  *See*, *e.g.*, *Estate of Pimentel v. City of Ceres*, No:1:18-cv-01203-DAD-EPG, 2019 WL 2598697, at *2-*3 (E.D. Cal. Jun. 25, 2019) (rejecting argument that Ceres Police Department is not a "person" within meaning of § 1983; denying defendants' motion for judgment with respect to plaintiff's claims against Ceres Police Department).

Plaintiff also appears to assert claims against various departments within Kern County: Kern County Sheriff's Department, Kern County Public Works and Kern County Environmental Health.

Under section 1983, however, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-91 (1978). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).  Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by any public entity.

**E.  Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702– 03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071,1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a

legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff's complaint fails to state an equal protection claim.  Plaintiff does not allege that she was treated differently on the basis of her membership in a protected class.  Plaintiff has not shown that she was intentionally treated differently than other similarly situated persons without a rational relationship to a legitimate state purpose.  Plaintiff's conclusory statements about denial of equal protection do not suffice. Therefore, she has not stated any claim for a violation of her Equal Protection rights under the Fourteenth Amendment.

### F.  Due Process

Plaintiff appears to allege some kind of Due Process violation.  To state a substantive Due Process claim, plaintiff must allege "a state actor deprived [her] of a constitutionally protected life, liberty, or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). In this regard, substantive Due Process, "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.' " *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)).

To state a procedural Due Process claim, plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Here, the first amended complaint does not identify which type of due process claim Plaintiff is asserting. The first amended complaint does not allege any facts involving the actions of the Defendants that state the elements of that claim plainly and succinctly.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a

6

complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. *Jones*, 733 F.2d at 649.  In any amended complaint, Plaintiff must allege factual support for any denial of due process.

### G.  Failure to Investigate

To the extent Plaintiff alleges that a report was not made of the incident involving Plaintiff, that is not a basis for a plausible due process claim. *Baker v. Beam*, 2019 WL 1455321, at *6 (E.D. Cal. 2019). To the degree Plaintiff is trying to hold individuals or others liable for an independent, unspecified constitutional violation based upon an allegedly inadequate investigation, there is no such claim. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome").

### H.  State Law Claims

Although unclear, it appears Plaintiff is attempting to pursue state law claims in this action. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As

Plaintiff has not stated a cognizable claim for relief under federal law, the Court declines to screen Plaintiff's state law claims.

In addition, the California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified School District*, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal.4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." *Bodde*, 32 Cal.4th at 1239. Plaintiff must allege compliance with the Government Claims Act.

To the extent Plaintiff attempts to assert a claim under Cal.Gov. Code 7260.5, Plaintiff is informed that Cal.Gov. Code 7260.5 provides in relevant part, "b) This chapter establishes a uniform policy for the fair and equitable treatment of persons displaced as a direct result of programs or projects undertaken by a public entity."  Cal.Gov. Code 7260.5(b). The California Relocation Assistance Act represents a "legislative recognition of the need to compensate for certain business losses which occur as a result of a condemnation action." *Los Angeles Unified Sch. Dist. v. Casasola*, 187 Cal. App. 4th 189, 204, 114 Cal. Rptr. 3d 318, 328 (2010) ("the only judicial remedy lies in petitioning the superior court for relief in administrative mandamus..."). Plaintiff has not demonstrated that the cited Government Code section authorizes a private cause of action cognizable in federal court.

**IV.    Conclusion and Order**

For the reasons stated, Plaintiff's first amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.  As Plaintiff is proceeding *pro se*, the Court will grant Plaintiff an opportunity to amend her complaint to cure the above-identified deficiencies to the extent she is able to do so in good faith.  *Lopez v. Smith*,

203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. **If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **June 15, 2022**                    /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE