# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MARIE SHULTZ,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY,<br><br>Defendant. | Case No. 1:22-cv-00646-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(Doc. 10)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Susan Marie Shultz ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this civil action on March 2, 2022. (Doc. 1.) Plaintiff filed a first amended complaint on May 21, 2022, and the matter was transferred to the Fresno Division of this Court on May 31, 2022. (Docs. 6, 8.)

On June 15, 2022, the Court screened Plaintiff's first amended complaint and granted her leave to amend within thirty (30) days of service of the Court's order. (Doc. 10.) Plaintiff was expressly warned that if she failed to file a second amended complaint in compliance with the Court's order, then the Court would recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (*Id.*) The deadline for Plaintiff to file her second amended complaint has passed and Plaintiff has not complied with the Court's order. The Court therefore will recommend dismissal of this action for failure to state a claim and failure to obey a court order.

1

**I.      Failure to State a Claim**

  **A.  Screening Requirement and Standard**

  The Court screens complaints brought by persons proceeding in pro se and *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

  **B.  Plaintiff's Allegations**

  Plaintiff alleges violations of due process, equal protection, and Cal.Gov. Code § 7260.5. Plaintiff names as defendants: (1) Kern County, (2) Kern County Sheriff Department, (3) Kern County Public Works, and (4) Kern County Environmental Health.

  Plaintiff alleges as follows. Plaintiff "was accused of trespassing in an unsafe home and vacated without notice on April 14, 2020 by the Kern County Sheriff Department. No report was made. I requested several times to make a report and to write down my name. The sheriff said they only do that if a) I was dead or b) for trespassing." Plaintiff was told by the county that there

2

are "refunds" to relocate Plaintiff. Plaintiff was also told that Plaintiff was denied relocation and homeless counseling. The county did not hold anyone liable. Plaintiff was displaced and "displacement means ridicule and humiliation, homelessness and criminalization." Plaintiff was "vacated, leaving [plaintiff] outside during COVID" and alone with men who harmed Plaintiff. Plaintiff alleges she was hired to caretake the property. Plaintiff seeks relocation, access to water, privacy. She alleges she "lost everything."

### C. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983. Because she is proceeding pro se, Plaintiff will be granted leave to amend her complaint to the extent that she can do so in good faith. To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to her claims.

#### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557. Although Plaintiff's complaint is short, it is not a plain statement of her claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations must be based on facts as to what happened and not conclusions.

#### 2. Federal Rule of Civil Procedure 10

Plaintiff is informed that Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief...." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Only Kern County is named in the caption.

Various other entities are not named in the caption, and the Court will not assume that Plaintiff intends to proceed against those not so named.

### 3. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff's complaint fails to link Defendant Kern County, and the other entities referred to in the body of the first amended complaint, to potential constitutional violations. Plaintiff must name individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights.

### 4. Police and Sheriff Departments as Defendants

"To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n. 5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir.1987)). In this instance, Plaintiff refers to the Kern County Sheriff Department in the body of the first amended complaint as a potential defendant. The Court recognizes that there is a split within district courts in the Ninth Circuit on whether a police or sheriff department is "person" under § 1983 and a proper defendant for § 1983 claims. See *Siratsamy v. Sacramento Cty. Sheriff Dep't*, No. 2:21-cv-0678-JAM-KJN PS, 2021 WL

4

2210711, at *4 (E.D. Cal. June 1, 2021) (noting split of authority on whether a California sheriff's department or police department is a "person" under § 1983 and a proper defendant for § 1983 claims); *Cantu v. Kings Cty.*, No. 1:20-cv-00538-NONE-SAB, 2021 WL 411111, at *1 (E.D. Cal. Feb. 5, 2021) (discussing split within district courts in the Ninth Circuit on issue). Certain courts have found that a police department may be sued as a "person" under § 1983. *See, e.g., Estate of Pimentel v. City of Ceres*, No. 1:18-cv-01203-DAD-EPG, 2019 WL 2598697, at *2-*3 (E.D. Cal. Jun. 25, 2019) (rejecting argument that Ceres Police Department is not a "person" within meaning of § 1983; denying defendants' motion for judgment with respect to plaintiff's claims against Ceres Police Department).

Plaintiff also appears to assert claims against various departments within Kern County: Kern County Sheriff's Department, Kern County Public Works and Kern County Environmental Health. Under section 1983, however, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007). Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by any public entity.

### 5. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on her membership in a protected *class, Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702– 03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071,1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008);

1  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546
2  F.3d 580, 592 (9th Cir. 2008).

3  Plaintiff's complaint fails to state an equal protection claim. Plaintiff does not allege that
4  she was treated differently on the basis of her membership in a protected class. Plaintiff has not
5  shown that she was intentionally treated differently than other similarly situated persons without
6  a rational relationship to a legitimate state purpose. Plaintiff's conclusory statements about denial
7  of equal protection do not suffice. Therefore, she has not stated any claim for a violation of her
8  Equal Protection rights under the Fourteenth Amendment.

9  **6. Due Process**

10  Plaintiff appears to allege some kind of Due Process violation. To state a substantive Due
11  Process claim, plaintiff must allege "a state actor deprived [her] of a constitutionally protected
12  life, liberty, or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). In this
13  regard, substantive Due Process, "forbids the government from depriving a person of life, liberty,
14  or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the
15  concept of ordered liberty.'" *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)
16  (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)).

17  To state a procedural Due Process claim, plaintiff must allege: (1) a deprivation of a
18  constitutionally protected liberty or property interest, and (2) a denial of adequate procedural
19  protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Here, the first amended
20  complaint does not identify which type of due process claim Plaintiff is asserting. The first
21  amended complaint does not allege any facts involving the actions of the Defendants that state
22  the elements of that claim plainly and succinctly.

23  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
24  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
25  state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); *Jones v.*
26  *Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels
27  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor
28  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

enhancements.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. *Jones*, 733 F.2d at 649.

### 7. Failure to Investigate

To the extent Plaintiff alleges that a report was not made of the incident involving Plaintiff, that is not a basis for a plausible due process claim. *Baker v. Beam*, 2019 WL 1455321, at *6 (E.D. Cal. 2019). To the degree Plaintiff is trying to hold individuals or others liable for an independent, unspecified constitutional violation based upon an allegedly inadequate investigation, there is no such claim. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome").

### 8. State Law Claims

Although unclear, it appears Plaintiff is attempting to pursue state law claims in this action. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, it will be recommended that the Court decline jurisdiction over Plaintiff's state law claims and that

those claims be dismissed without prejudice.

In addition, the California Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004); *Shirk v. Vista Unified School District*, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; *Bodde,* 32 Cal.4th at 1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." *Bodde*, 32 Cal.4th at 1239. Plaintiff has not alleged compliance with the Government Claims Act.

To the extent Plaintiff attempts to assert a claim under Cal.Gov. Code 7260.5, Plaintiff is informed that Cal.Gov. Code 7260.5 provides in relevant part, "b) This chapter establishes a uniform policy for the fair and equitable treatment of persons displaced as a direct result of programs or projects undertaken by a public entity." Cal.Gov. Code 7260.5(b). The California Relocation Assistance Act represents a "legislative recognition of the need to compensate for certain business losses which occur as a result of a condemnation action." *Los Angeles Unified Sch. Dist. v. Casasola*, 187 Cal. App. 4th 189, 204, 114 Cal. Rptr. 3d 318, 328 (2010) ("the only judicial remedy lies in petitioning the superior court for relief in administrative mandamus..."). Plaintiff has not demonstrated that the cited Government Code section authorizes a private cause of action cognizable in federal court.

**II.     Failure to Obey Court Order and Failure to Prosecute**

**A.  Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where

appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.     Discussion

Here, Plaintiff's amended complaint is overdue. The action cannot proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff. The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

*Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's June 15, 2022 screening order expressly warned Plaintiff that her failure to comply would result in a recommendation for dismissal of this action.  (Doc. 10 at 9.)  Plaintiff had adequate warning that dismissal could result from her noncompliance.  Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff's *in forma pauperis* status in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating her case.

### III.    Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED as follows:

1. Plaintiff's federal claims be dismissed, with prejudice, based on Plaintiff's failure to state a claim and failure to obey the Court's order;
2. The Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims; and
3. Plaintiff's state law claims be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 1, 2022**               /s/ *Barbara A. McAuliffe*              
                                                                            UNITED STATES MAGISTRATE JUDGE